IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RSF SOCIAL ENTERPRISE, INC.,

    Plaintiff,

v.

THE NOISETTE COMPANY, LLC, et al.,

    Defendants.

_____/

**No. C 13-3210 RS**

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

This is an action to collect on a written loan agreement between plaintiff RSF Social Enterprise, Inc. and defendant The Noisette Company, LLC. RSF moves for entry of default judgment against individual defendant John Leo Knott, Jr. who executed a written personal guaranty of the loan. Knott failed to respond to the motion or to appear at the duly noticed hearing. For the reasons stated below, the motion will be granted and default judgment will be entered against Knott.

## II. BACKGROUND

As alleged in the complaint, RSF and Noisette entered into a Loan Agreement and Term Note (the "Loan Documents") in October of 2010. Under the terms of the Loan Documents, RSF

1

loaned Noisette $825,000 at an annual interest rate of ten percent. Pursuant to the Loan Documents, if Noisette defaulted, the balance of the Note would become due and owing, and Noisette would be responsible for paying RSF interest per annum at a rate 5.0% above the interest rate otherwise applicable, as well as RSF's attorney fees and costs in enforcing its contractual rights. Noisette has failed to make the payments.

To induce RSF to make the loan to Noisette, Knott, who apparently was Noisette's president, "absolutely, unconditionally, and irrevocably" guaranteed that Noisette would make "full and punctual" payments set forth in Loan Documents. Knott has not honored that guarantee and did not respond to the summons and complaint in this action. The Clerk entered his default on September 25, 2013.

### III. STANDARD

Following entry of default, courts are authorized to grant default judgment in their discretion. See Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the factors the court may consider include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). As to damages, when those claimed are not readily ascertainable from the pleadings and the record, the court may (but is not required to) conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2).

## IV. DISCUSSION

In this case, the *Eitel* factors weigh in favor of granting RSF's motion for default judgment as against Knott. The allegations in the complaint, taken as true, establish the existence of Knotts' guarantee and his breach thereof. RSF has further shown that unpaid balance on the underlying loan, and therefore Knott's guarantee obligation, is in the principal amount of $747,374.20, and that interest is due and owing in the amount of $89,063.26.

Knott was given notice of this action, and knew or should have known that he had an obligation to file a response. Under these circumstances, the policy favoring decisions on the merits must yield to RSF's right to a judicial determination of its claims. Judgment will therefore be entered against Knott in the total amount of $836,437.46. RSF has indicated it will seek attorney fees by separate motion.

## V. CONCLUSION

The motion is granted. A separate judgment in plaintiffs' favor will issue.

IT IS SO ORDERED.

Dated: 11/15/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE